UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joseph Carlos Dubose, )<br>)<br>    Plaintiff, )<br>)<br>  -vs- )<br>)<br>Kilolo Kijakazi, )<br>Acting Commissioner of Social Security, )<br>)<br>    Defendant. )<br>_____ ) | Civil Action No.: 4:21-cv-03688-TER<br><br><br>ORDER |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits(DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

I. RELEVANT BACKGROUND

A.   Procedural History

Plaintiff filed an application for DIB on December 16, 2019, alleging inability to work since December 31, 2018. (Tr. 15). His claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held in April 2021 at which time Plaintiff and a vocational expert (VE) testified. The Administrative Law Judge (ALJ) issued an unfavorable decision on June 16, 2021, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 15-23). Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied on September 17, 2021, making the ALJ's decision the Commissioner's final decision. (Tr.1-3). Plaintiff

filed an action in this court in November 2021. (ECF No. 1).

**B.     Plaintiff's Background**

Plaintiff was born on April 1, 1970, and was forty-eight years old on the alleged onset date. (Tr. 22). Plaintiff had at least a high school education and past relevant work experience as a barber. (Tr. 21). Plaintiff alleges disability originally due to PTSD, depression, high blood pressure, and migraines. (Tr. 55). Pertinent medical records will be discussed under the relevant issue headings.

**C.     The ALJ's Decision**

In the decision of June 16, 2021, the ALJ made the following findings of fact and conclusions of law (Tr. 15-23):

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2022.

2. The claimant has not engaged in substantial gainful activity since December 31, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: post-traumatic stress disorder, depression, and anxiety (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to occupations requiring no more than simple routine repetitive task, not performed in a fast paced production environment, involving only simple work related instructions and decisions and relatively few work place changes. He is further limited to occupations requiring no more than occasional interaction with co-workers and members of the general public. The claimant can maintain concentration, persistence, and pace for two-hour increments.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7.      The claimant was born on April 1, 1970 and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8.      The claimant has at least a high school education (20 CFR 404.1564).

9.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11.    The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2018, through the date of this decision (20 CFR 404.1520(g)).

## II. DISCUSSION

Plaintiff argues the ALJ erred in failing to address Dr. Bell's statements. Plaintiff argues Plaintiff meets both Listing 12.15 A and B. Plaintiff argues the ALJ erred in finding migraine headaches as a non-severe impairment. Plaintiff argues the ALJ erred as to the subjective symptom evaluation as to medication side effects and as to the ability to perform sustained work. The Commissioner argues that the ALJ's decision is supported by substantial evidence.

### A.    LEGAL FRAMEWORK

#### 1.    The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected

3

to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R.

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

4

Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2. The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence as a threshold is "not high;" "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

**B.     ANALYSIS**

**Dr. Bell**

Plaintiff argues the ALJ erred in failing to address Dr. Bell's statement. Plaintiff asserts on May 21, 2018, Dr. Bell stated Plaintiff had PTSD with total occupational and social impairment. (ECF No. 7 at 7). Defendant argues Dr. Bell's conclusion of "complete social and occupational impairment" is not a medical opinion under the regulations. (ECF No. 8 at 14).

It is evident from the ALJ's opinion that there are no findings or mention of Dr. Bell. (Tr. 17-23). The ALJ did evaluate and found persuasive Dr. Shelton's May 2020 treating opinion that Plaintiff had a good ability to complete complex tasks. (Tr. 20-21). The ALJ did evaluate Dr. Steele's examining November 2020 opinion and found it persuasive. (Tr. 21). The ALJ found non-examining consultant opinions unpersuasive, finding more limitations than they found. (Tr. 21). The ALJ found the relevant period of time under consideration was December 21, 2018 through the date of the decision. (Tr. 17,

23).

Defendant and Plaintiff both refer to Bell as Dr. Bell.[3] Dr. Bell performed a "C&P Exam" for the VA on May 21, 2018 with no psychological testing carried out. (Tr. 264, 272-273). Dr. Bell checked boxes for symptoms and VA criteria. (Tr. 268-271). It appears Dr. Bell performed a brief exam without testing, finding Plaintiff had anxious/agitated mood, intact attention, unremarkable thought process/content, good judgment/insight, no inappropriate behavior, no obsessive/ritual behavior, occasional panic attacks, good impulse control, no episodes of violence, no problems with activities of daily living, normal memory/reasoning, and average intelligence. (Tr. 271-272). The only statement after the exam was "meet[s] the diagnostic criteria for [PTSD]" and the level of severity was "total occupational and social impairment." (Tr. 273).

The regulation 20 C.F.R. § 404.1513(a)(2) provides:

(2) Medical opinion. A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related **limitations or restrictions in the following abilities:** (For claims filed (see § 404.614) before March 27, 2017, see § 404.1527(a) for the definition of medical opinion.)
    (i) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
    (ii) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;
    (iii) Your ability to perform other demands of work, such as seeing,

---

[3] The court will refer to Bell as Dr. Bell; Bell is not a medical doctor but appears to have earned a Ph.D. Plaintiff refers to Bell as a psychologist. Bell does not sign his name electronically with "M.D." or "Ph.D.". Psychologist is underneath his name. (Tr. 274). A psychologist is not a medical doctor. *See Stump v. Colvin*, 2016 WL 7077084, at *22 (N.D.W. Va. Nov. 16, 2016), *report and recommendation adopted*, 2016 WL 7104901 (N.D.W. Va. Dec. 5, 2016); *Est. of Harvey ex rel. Dent v. Roanoke City Sheriff's Off.*, 585 F. Supp. 2d 844, 863 (W.D. Va. 2008). However, psychologists are mental health professionals that can address mental functioning. *See Edwards v. Comm'r of Soc. Sec.*, No. 7:17-CV-00052-RN, 2018 WL 1413974, at *8 (E.D.N.C. Mar. 21, 2018).

> hearing, or using other senses; and
> (iv) Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. § 404.1513(a)(2)(emphasis added).

Medical evidence that is <u>not</u> an opinion and is just "other medical evidence" includes: "judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3).

Evidence that is inherently neither valuable nor persuasive are statements on issues reserved for the commissioner like statements that you are disabled or not able to work. 20 C.F.R. § 404.1520b(c). An ALJ is not required to provide any analysis about how such evidence like this is considered. *Id.*

It is not outcome determinative error for the ALJ not to have discussed Dr. Bell's statements, because under the regulations, the statements are not a medical source opinion but are evidence that is not valuable or persuasive. Thus, the ALJ was not required to analyze or show how such evidence was considered. 20 C.F.R. § 404.1520b(c).

Even if the statements could be construed as an opinion in need of a persuasiveness assignment, there is no outcome determinative error because the statement predated[4] the alleged onset date and was outside of the relevant period before the ALJ and outside of the dates Plaintiff himself alleged he became disabled.

---

[4] *See Smith v. Soc. Sec. Admin.*, 2018 WL 2740007, at *3 (D. Md. May 9, 2018)(finding a doctor's evaluation predating the relevant time period before the ALJ was not relevant and the ALJ addressed the relevant evidence and supported the findings with substantial evidence); *Graley v. Colvin,*, 2015 WL 5773162, at *6 (S.D.W. Va. Sept. 8, 2015) (holding that records that predated the relevant time period were not new or material), *report and recommendation adopted*, 2015 WL 5722810 (Sept. 29, 2015); *Pierce v. Berryhill*, 2018 WL 1940417, at *4 (M.D.N.C. Apr. 23, 2018), *report and recommendation adopted*, 2018 WL 3549842 (M.D.N.C. June 12, 2018)(ALJ did not consider records predating relevant period and Plaintiff did not show how they would have changed the outcome); *Carmickle v. Comm'r,* 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."). Without the court weighing the evidence, the ALJ's opinion did contain analysis of opinions of treating providers and the ALJ supported the analysis with substantial evidence.

**Listing 12.15**

Plaintiff argues Plaintiff meets both Listing 12.15 A and B. Listing "12.15 ha[s] three paragraphs, designated A, B, and C; your mental disorder must satisfy the requirements of both paragraphs A and B, or the requirements of both paragraphs A and C[5]." 20 C.F.R. § Pt. 404, Subpt. P, App. 1. Defendant does not address Plaintiff's arguments as to paragraph A because to meet the Listing Plaintiff must also meet paragraph B, and Defendant contends Plaintiff cannot meet Listing 12.15B. (ECF No. 8 at 10). The ALJ did not analyze paragraph A. (Tr. 18). Thus, assuming without deciding Plaintiff meets the paragraph A criteria of Listing 12.15, the court focuses on the paragraph B criteria arguments of both parties.

The "Listings," found at 20 C.F.R. part 404, subpart P, appendix 1, "is a catalog of various disabilities, which are defined by 'specific medical signs, symptoms, or laboratory test results.'" *Bennett v. Sullivan*, 917 F.2d 157, 160 (4th Cir. 1990) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530, (1990)). A claimant's impairment meets a Listing if "it satisfies all of the criteria of that listing, including any relevant criteria in the introduction, and meets the duration requirement." 20 C.F.R. § 404.1525(c)(3)(eff. 3/27/17). The only time requirement is that "the evidence must show that your impairment(s) has lasted or can be expected to last for a continuous period of at least 12 months." *Id.* at (c)(4). "When a claimant satisfies a listing by meeting all its specified medical criteria, he presumably qualifies for benefits. *See Bennett*, 917 F.2d at 160.

The impairment medically equals a Listing "if it is at least equal in severity and duration to the criteria of any listed impairment." *Id.* § 404.1526(a)(eff. 3/27/17). If a claimant has a listed impairment, but: 1) does "not exhibit one or more of the findings specified in the particular listing, or"

---

[5] Plaintiff presents no arguments about paragraph C. (ECF No. 7 at 16-17).

2) exhibits "all of the findings, but one or more of the findings is not as severe as specified in the listing," the claimant's impairment is medically equivalent to the listing if the claimant has "other findings related to [his or her] impairment that are at least of equal medical significance to the required criteria." 20 C.F.R. § 404.1526(b)(1).

At step three, to determine whether a claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1, the ALJ must identify the relevant listed impairments and then compare the listing criteria with evidence of claimant's symptoms. *Cook v. Heckler*, 783 F.2d 1168 (4th Cir.1986). In *Cook*, the court held that the ALJ should "have compared each of the listed criteria to the evidence of [the claimant's] symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." *Id.* at 1173.

> Listing 12.15B provides:
>
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
>     1. Understand, remember, or apply information (see 12.00E1).
>     2. Interact with others (see 12.00E2).
>     3. Concentrate, persist, or maintain pace (see 12.00E3).
>     4. Adapt or manage oneself (see 12.00E4).

20 C.F.R. Pt. 404, Subpt. P, App. 1, Section 12.15; *Lothridge v. Kijakazi*, No. 5:20-2110-RMG-KDW, 2021 WL 4155664, at *9-10 (D.S.C. Aug. 25, 2021), *report and recommendation adopted*, 2021 WL 4155169 (D.S.C. Sept. 13, 2021).

The ALJ found Plaintiff did not meeting Listing 12.15 by performing the paragraph B analysis. (Tr. 18-19). The ALJ also found Plaintiff could not meet the paragraph C criteria. (Tr. 19).

Because substantial evidence supports the Listing 12.15B analysis and paragraph C is not at issue, Plaintiff cannot meet Listing 12.15 regardless if Plaintiff meets the paragraph A criteria.

Plaintiff argues Plaintiff has a "marked" limitation in interacting with others. The ALJ found Plaintiff had "moderate" limitations.[6] The listing provides as to the interacting with others criteria:

> This area of mental functioning refers to the abilities to relate to and work with supervisors, co-workers, and the public. Examples include: cooperating with others; asking for help when needed; handling conflicts with others; stating own point of view; initiating or sustaining conversation; understanding and responding to social cues (physical, verbal, emotional); responding to requests, suggestions, criticism, correction, and challenges; and keeping social interactions free of excessive irritability, sensitivity, argumentativeness, or suspiciousness. These examples illustrate the nature of this area of mental functioning. We do not require documentation of all of the examples.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00E2. The ALJ considered Plaintiff's testimony that he has difficulty engaging in social activities, getting along with others, and spending time in crowds. The ALJ also noted Plaintiff's statements that he was able to shop, spend time with friends and family, attend church, deal appropriately with authority, and live with others. The ALJ addressed medical evidence showing Plaintiff had good rapport with providers and examined as pleasant, cooperative, and appeared comfortable during appointments. (Tr. 18-19). The ALJ did not cite to specific exhibit numbers[7] in this sparse record. (Tr. 18-19).

The ALJ supported this moderate finding with citation to substantial evidence. The court does

---

[6] The rating definitions are as follows:
b. Mild limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is <u>slightly limited</u>.
c. Moderate limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is <u>fair</u>.
d. Marked limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is <u>seriously limited</u>.
e. Extreme limitation. You are <u>not able to function</u> in this area independently, appropriately, effectively, and on a sustained basis.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00F.2(emphasis added).

[7] Although it is helpful, there is no requirement that an ALJ cite specific exhibit numbers in support of findings; an ALJ is to make clear to a subsequent reviewer that findings are supported by the evidence. *See Scott v. Comm'r,* 2014 WL 1340075, at *6 (D. Md. Apr. 2, 2014). The paragraph B criteria analysis by the ALJ here accomplishes that end despite no citation.

not reweigh evidence, and even when conflicting evidence exists, under the standard of review, it does not mean there does not exist substantial evidence to support the ALJ's finding. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Plaintiff argues Plaintiff has "marked" impairment in concentration, persistence, and pace. (ECF No. 7 at 17).[8] The ALJ found Plaintiff has "moderate" limitations in ability to concentrate, persist, or maintain pace. The listing provides as to this criteria:

> This area of mental functioning refers to the abilities to focus attention on work activities and stay on task at a sustained rate. Examples include: Initiating and performing a task that you understand and know how to do; working at an appropriate and consistent pace; completing tasks in a timely manner; ignoring or avoiding distractions while working; changing activities or work settings without being disruptive; working close to or with others without interrupting or distracting them; sustaining an ordinary routine and regular attendance at work; and working a full day without needing more than the allotted number or length of rest periods during the day. These examples illustrate the nature of this area of mental functioning. We do not require documentation of all of the examples.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00E3.  The ALJ considered Plaintiff's statements of limitations in concentrating generally and completing tasks. The ALJ considered Plaintiff's statements about ability to drive, read, and attend church. The ALJ also noted "the record fails to show an inability to complete testing that assess concentration and attention." (Tr. 19).

In the other criteria, the ALJ found mild limitations in ability to adapt or manage self and moderate limitations in understanding, remembering, or applying information; Plaintiff does not present any arguments about these two criteria.

---

[8] For both of the two paragraph B arguments, Plaintiff cites to Dr. Bell's statement, the relevancy of which has already been addressed above. Plaintiff also relies heavily on his own statements to attempt to meet the criteria, but as discussed below substantial evidence supports the ALJ's finding that Plaintiff's statements about the intensity, severity, and limiting effects of symptoms was not consistent with the record evidence. Reviewing the opinion as a whole, the ALJ in later steps did note Plaintiff's own treating provider opined Plaintiff had a good ability to complete complex tasks. (Tr. 20-21).

The ALJ provided more than a mere scintilla of record support for the paragraph B findings. The court does not weigh again evidence already weighed by the ALJ. The ALJ complied with the applicable regulations in making clear to a subsequent reviewer the reasons for the findings made. The ALJs decision was based on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted).

**Migraine Headaches**

Plaintiff argues the ALJ erred in finding migraine headaches as non-severe. (ECF No. 7 at 17).

A severe impairment is defined by the regulations as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Plaintiff bears the burden of demonstrating that he has a severe impairment. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). However, "'[a]n impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.'" *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir.1984) (*quoting Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984)). The severe impairment inquiry "is a de minimis screening device to dispose of groundless claims." *McCrea v. Comm'r*, 370 F.3d 357, 360 (3rd Cir. 2004) (citation omitted). A finding of a single severe impairment at step two of the sequential evaluation is enough to ensure that the factfinder will progress to step three. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir.2008) ("[A]ny error here became harmless when the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.").

Plaintiff argues that he takes medication for headaches, testified to headaches 1-2 times a week

lasting five hours relieved by sleeping, and the VA rated his headaches at 50% before the alleged onset date. (ECF No. 7 at 18). Defendant notes that Plaintiff cites to no medical evidence during the relevant period. (ECF No. 8 at 7).

The ALJ generally found that the record documented migraines as a diagnosis but the record and testimony did not establish by a preponderant of the evidence that headaches significantly limited the ability to perform basic work activities, citing to all the medical treatment records and exams (Exs.1F-11F). (Tr. 18). The ALJ later noted Plaintiff's own treating provider had found Plaintiff had a <u>good ability to complete complex</u> tasks, citing Dr. Shelton's opinion and June 2020 treatment note(Ex.2F, 303). (Tr. 21). The ALJ also noted a diagnosis of malingering, citing the November 2020 consultative exam (Ex.4F). (Tr. 21, 350). The ALJ noted non-examining consultants had found all of Plaintiff's conditions were nonsevere, but the ALJ had found more limitations. (Tr. 21). Further, the record itself shows during the period before the ALJ, Plaintiff did not have treatment for migraines, report migraines, or report symptoms of migraines. Exams noted no headaches. (Tr. 304-352). The ALJ was not required to give any analysis of the VA ratings that Plaintiff references. 20 C.F.R. §§ 404.1520b(c)(1), 404.1504.

Substantial evidence supports the ALJ's assignment of migraine headaches as non-severe.

**Subjective Symptom Evaluation**

Plaintiff argues the ALJ erred in the subjective symptom evaluation, especially as to medication side effects. Plaintiff argues also that he testified he has a short attention span. (ECF No. 7 at 18). Plaintiff argues these alleged limitations should have been included in the RFC. (ECF No. 7 at 19). Defendant notes that "none of the medical evidence from the relevant period states that he had medication side effects" and "says the opposite." (ECF No. 8 at 17).

SSR 16-3p sets out "the process ALJs use to evaluate the intensity and persistence of a

claimant's symptoms and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the record." *Id.*(internal citations and quotations omitted). Under *Craig v. Chater*, 76 F.3d 585, 591-96 (4th Cir. 1996), subjective complaints are evaluated in two steps. First, there must be documentation by objective medical evidence of the presence of an underlying impairment that would reasonably be expected to cause the subjective complaints of the severity and persistence alleged. Not until such underlying impairment is deemed established does the fact-finder proceed to the second step: consideration of the entire record, including objective and subjective evidence, to evaluate the intensity and persistence of symptoms to determine how symptoms limit capacity for work. *See also* 20 C.F.R. § 404.1529; SSR16-3p, *4.

The ALJ may choose to reject a claimant's testimony regarding his condition, but the ALJ must explain the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence. *Hatcher v. Sec'y, Dep't of Health & Human Servs.*, 898 F.2d 21, 23 (4th Cir. 1989) (quoting *Smith v. Schweiker*, 719 F.2d 723, 725 n.2 (4th Cir. 1984)). A claimant's allegations "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers[.]" *Craig*, 76 F.3d at 595. The ALJ considers the evidence in the record as a whole when analyzing Plaintiff's claims, as does this court when reviewing the ALJ's decision. *See id.*; *see* SSR 16-3p, at *4.

A claimant's statements about intensity, persistence, and limiting effects of symptoms, which are inconsistent with the objective medical evidence and other evidence, are less likely to reduce her capacity to perform work related activities. SSR 16-3p, at *7; 20 C.F.R. § 404.1529(c). An individual's symptoms are evaluated based on consideration of objective medical evidence, an individual's

statements directly to the Administration, or to medical sources or other sources, and the following factors:

> 1. Daily activities;
> 2. The location, duration, frequency, and intensity of pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, at *7; 20 C.F.R. § 404.1529(c). The ALJ at step three is to "consider the individual's symptoms when determining his or her residual functional capacity and the extent to which the individual's impairment-related symptoms are consistent with the evidence in the record." SSR 16-3p, at *11.

The ALJ found the evidence provided did not fully support Plaintiff's allegations of debilitating symptoms. (Tr. 20). The ALJ noted treating and examining sources did not indicate symptoms were debilitating. (Tr. 20). The ALJ cited an exam in December 2018 that was normal. The ALJ considered that there was no treatment in 2019 and exams in 2020 were similar to December 2018. Then, the record was void of any further treatment. (Tr. 20). The ALJ noted a May 2020 treating opinion by Dr. Shelton that medication helped, condition was stable, and attention/concentration and mood were normal. Plaintiff had a good ability to complete complex tasks and relate to others. (Tr. 20-21). The ALJ noted the examining consultant diagnosed Plaintiff with malingering. (Tr. 21). The ALJ concluded: "his statements concerning the intensity, persistence and limiting effects of these symptoms are not persuasive to the extent they are inconsistent with the above residual functional capacity assessment,

as they are not fully supported for the reasons explained in this decision. Overall, the medical records fail to document that the claimant's conditions causes debilitating restrictions. While the claimant does experience some mental limitations from his impairments, his limitations are not debilitating." (Tr. 21).

There is no requirement that the ALJ discuss each and every piece of evidence or statement. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014); *Seabolt v. Barnhart*, 481 F. Supp. 2d 538, 548 (D.S.C. 2007); *Reynolds v. Kijakazi*, 2022 WL 1241646, at *5 (M.D.N.C. Apr. 27, 2022)(collecting cases). The ALJ did not expressly discuss medication side effects here; this is but one factor in the SSR 16-3p factors. Citing to exams, reports, and opinions, the ALJ addressed the subjective symptom evaluation in accordance with the regulations. The ALJ acknowledged Plaintiff's reports of difficulty concentrating. (Tr. 18-19). Plaintiff attempts to ignore that his own treating provider found Plaintiff had a good ability to complete complex tasks and had adequate attention/concentration. (Tr. 20, 303).[9]

A claimant's allegations alone can never establish that he is disabled. 20 C.F.R. § 404.1529. An ALJ can discount a Plaintiff's subjective complaints when they are unsupported by the record. 20 C.F.R. § 404.1529; *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996). Plaintiff is not required to be without symptoms to be found not disabled by the ALJ. Even where there is conflicting evidence that might have resulted in a contrary decision, our review is limited to whether substantial evidence supports the ALJ's decision. Based on the evidence before the ALJ, the ALJ conducted a proper

---

[9] Even if error were assumed here, there is no outcome determinative error as to medication side effects. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994). Plaintiff's own treating provider's exam notes repeatedly showed tolerating medication without difficulty and no medication side effects during the relevant time period. (Tr. 304, 370, 483). Further, despite Plaintiff's testimony of side effects of drowsiness, Plaintiff reported eight medications to SSA twice stating no side effects. (Tr. 202, 217).

evaluation of subjective symptoms and cited substantial evidence to support the finding that Plaintiff's allegations of disabling symptoms were not consistent with the record. *See also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1999)("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result").

To the extent Plaintiff argues separately as to the RFC that the evidence fails to support that Plaintiff can perform sustained work activities, the court cannot say that a reasonable mind would not reach this RFC in view of the totality of the evidence. In formulating the RFC, the ALJ considered Plaintiff's allegations, objective evidence, and opinions. (Tr. 18-21). The ALJ supported the functional limitations found in the ALJ's RFC determination with discussion and citation to substantial evidence in the record. Even where there is evidence that might have resulted in a contrary decision, our review is limited to whether substantial evidence supports the ALJ's decision. An RFC is "an administrative assessment made by the Commissioner based on all the relevant evidence in the case record." *Felton-Miller v. Astrue*, 459 Fed. Appx. 226, 230-31 (4th Cir. 2011) (citing 20 C.F.R. §§ 404.1546(c), 416.946(c)).  Based upon the foregoing, substantial evidence supports the ALJ's RFC.

Plaintiff's argument regarding hypotheticals to the VE is essentially a regurgitation of the prior arguments addressed above where Plaintiff asserts the RFC ought to include all of Plaintiff's allegations and asserts the VE should be asked about such RFC. (ECF No. 7 at 21). As discussed above, the ALJ supported each of the required findings at issue with substantial evidence.

### III. CONCLUSION

This court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence. *Richardson*, 402 U.S. at 390.  Even where the

Plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. *Blalock*, 483 F.2d at 775. The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). As previously discussed, despite the Plaintiff's claims, he has failed to show that the Commissioner's decision was not based on substantial evidence. Based upon the foregoing, and pursuant to the power of the court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is AFFIRMED.

February 13, 2023
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge